IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ARTHUR WINKFIELD WALKER, JR.,   )
                                )
            Plaintiff,          )
                                )
                                )       CIV-08-603-HE
v.                              )
                                )
CATHY WILKERSON,                )
                                )
            Defendant.          )

REPORT  AND  RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).  Based on the following findings, it is recommended that the cause of action be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the plaintiff has asserted claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  Such a dismissal of a cause of action filed *in forma pauperis* is

1

allowed "at any time" when the court determines that the complaint lacks an arguable basis; notice and an opportunity to respond are not required. 28 U.S.C. § 1915(e)(2)(B).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). No "heightened fact pleading" is required under this standard, "but only enough facts to state a claim to relief that is plausible on its face." Id., 127 S.Ct. At 1974.   In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's "well-pleaded facts" but not "conclusory allegations" to be true. McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001)(internal quotation omitted).   A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972).   However, the court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

II. Plaintiff's Claims

Plaintiff's Complaint seeks a declaratory judgement and monetary relief from Defendant Wilkerson, who is identified as the general counsel for the Oklahoma Department of Corrections ("DOC") and a supervisor.  Plaintiff contends that Defendant Wilkerson, who is

sued in her official capacity,[1] violated DOC policy and deprived Plaintiff of state and federal constitutional guarantees to due process when Defendant Wilkerson denied Plaintiff's written request for a copy of an unpublished court decision. Plaintiff alleges that on June 20, 2007, and again on July 30, 2007, he submitted the proper form at the Lexington Correctional Center law library to receive a copy of a decision that was not available in the law library.  Plaintiff contends that when he returned to the law library to retrieve the requested decision he was informed that the request was denied by Defendant Wilkerson because the decision was unpublished.  Plaintiff describes the grievances he pursued, and he contends that he has exhausted administrative remedies concerning these claims.

III. Section 1983

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he or she was deprived of a right "secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Amer. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  First, Plaintiff's official capacity claims against Defendant Wilkerson for damages should be dismissed with prejudice because state officials acting in their official capacities are not "persons" subject to 42 U.S.C. § 1983 liability. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Additionally, Plaintiff's assertion that he is entitled to equitable relief from Defendant Wilkerson or damages from Defendant Wilkerson in her individual capacity as a result of her violations of DOC policy or provisions

---

[1]Plaintiff states in the heading of the Complaint that Defendant is sued in her "official capacity." Complaint, at 1.

of the Oklahoma Constitution fails to state a claim for relief under 42 U.S.C. § 1983.  See

Jones v. City and County of Denver., 854 F.2d 1206, 1209 (10th Cir. 1988)("Section 1983 does

not ... provide a basis for redressing violations of state law, but only for those violations of

*federal* law done under color of state law.")(emphasis in original).   Consequently, Plaintiff's

claims for damages against Defendant Wilkerson in her official capacity and Plaintiff's claims

against Defendant Wilkerson based on alleged violations of state law or DOC policies should

be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

IV. Access to Courts

Plaintiff alleges that Defendant Wilkerson has violated his constitutionally- protected

right of access to the courts by refusing to provide him with a copy of an unpublished court

decision.  Plaintiff has not alleged, however, that he suffered any actual prejudice as a result

of Defendant Wilkerson's failure to provide him with the requested legal resources.  See Lewis

v. Casey, 518 U.S. 343, 351 (1996)(holding an inmate alleging the denial of access to the

courts must establish more than that a prison's legal resources are inadequate, but must also

show that the alleged shortcomings in the prison's legal resources actually "hindered his efforts

to pursue a legal claim"); Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996)(to state a

claim for denial of right of access to the courts, "an inmate must satisfy the standing

requirement of 'actual injury' by showing that the denial of legal resources hindered the

prisoner's efforts to pursue a nonfrivolous claim")(quoting Lewis, 518 U.S. at 350).

Plaintiff alleges only that Defendant Wilkerson's refusal to provide him a copy of the

unpublished decision interfered with his "rights to attack his sentence on appeal." Complaint,

at 2.  Documentary evidence attached to the Complaint shows that Plaintiff has been advised by DOC officials in a response to his grievance that DOC will provide him with copies of unpublished decisions only when "published cases do not exist concerning a particular subject matter" and that "there are published cases that are available that would be better suited for [Petitioner's] case."  Plaintiff has not alleged that he has pending litigation.  Rather, Plaintiff has stated in grievance documents attached to the Complaint that he was "attempting to prepare legal documents."

"[T]he constitutional obligation to provide inmates access to courts does not require states to give inmates unlimited access to a law library, ... and inmates do not have the right to select the method by which access will be provided."  Penrod, 94 F.3d at 1403.  Plaintiff has not alleged facts showing that his inability to obtain a copy of the unpublished court decision has adversely affected his ability to pursue his appeal. See Lewis, 518 U.S. at 351 (explaining that showing of actual injury might include dismissal of complaint inmate prepared due to deficiencies in prison's legal assistance facilities or inability to file a complaint in order to assert arguably actionable harm inmate suffered and wished to bring before the courts). Accordingly, the Plaintiff's claim against Defendant Wilkerson for alleged denial of access to the courts should be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be

5

dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) with respect to Plaintiff's claims for damages against Defendant Wilkerson in her official capacity and with respect to Plaintiff's claims against Defendant Wilkerson for violations of state law and DOC policies.  It is further recommended that the cause of action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) with respect to Plaintiff's claims against Defendant Wilkerson for denial of access to courts.  Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b)(1) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his  opportunity to appeal.  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by _____ July 22nd_____, 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __2nd___ day of ____July____, 2008.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE