# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ARTHUR WINKFIELD WALKER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-08-0603-HE |
| | ) | |
| CATHY WILKERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Arthur Walker, Jr., a state prisoner appearing *pro se,* filed this 42 U.S.C. § 1983 action on June 12, 2008. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell. The magistrate judge's Report and Recommendation [Doc. # 9] recommends that plaintiff's claims for damages against defendant Wilkerson in her official capacity and for defendant's alleged violations of state law and Oklahoma Department of Corrections policies be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). It further recommended that plaintiff's claim against defendant for denial of access to courts be dismissed without prejudice pursuant to §§ 1915A(b)(1) and 1915(e)(2)(B).

Plaintiff has timely filed an objection to the Report and Recommendation. This court reviews *de novo* objections to the Report and Recommendation. 28 U.S.C. § 636(b)(1). Further, because plaintiff is proceeding *pro se*, his pleadings are liberally construed. *See* Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007). Plaintiff alleges that the magistrate judge erred in finding: (1) defendant's actions did not amount to a violation of

plaintiff's constitutionally-protected right of access to the courts under § 1983, (2) by misconstruing plaintiff's access to courts claim, and (3) in finding that plaintiff's complaint lacked sufficient factual support.  Plaintiff's objection also seeks leave to amend his complaint.

Insofar as plaintiff objects to the Report and Recommendation's suggested disposition of her §1983 claim, the court concludes the result suggested by the magistrate judge is correct.  As filed, plaintiff's claim is against defendant in her official capacity.  A claim asserted against defendant in her official capacity is a claim against the State of Oklahoma.  As noted in the Report and Recommendation, a state is not a "person" within the meaning of §1983, hence her claims are properly dismissed on that basis.  Further, to the extent plaintiff's complaints are based on alleged violations of Oklahoma law or Department of Corrections policies, they do not state a basis for claim under §1983, which provides a means of redress for violations of federal law done under color of state law.

Plaintiff argues that his original complaint was based in part on alleged violations of rights contained in the federal constitution and that he should be granted leave to amend his complaint to assert those constitutional claims against defendant in her individual capacity.  However, even accepting plaintiff's allegations and his further explanations, via his objections, as true, he does not state a plausible basis for a establishing a constitutional violation against defendant.  As noted in the Report and Recommendation, an inmate claiming denial of his constitutionally-protected right of access to the courts must show actual prejudice — i.e. actual injury — from the alleged deprivation.  *See* Lewis v. Casey, 518 U.S. 343, 351 (1996).  In the circumstances of this case, that means plaintiff must show

injury or prejudice from his failure to get a copy of an unpublished opinion that is authority for the proposition that a plea of guilty must be "knowing, intelligent and voluntary."[1] That principle of law is fundamental and basic,[2] set out in dozens of published cases, and there is nothing about the requested, unpublished case that is unique or remarkable.[3] In these circumstances, the court can discern no way in which plaintiff could suffer actual injury to his legal rights by reason of non-access to this particular unpublished decision. The magistrate judge correctly concluded plaintiff has not alleged facts sufficient to show how his inability to secure a copy of the particular appellate opinion actually prejudiced him. However, the magistrate judge also concluded the dismissal should be without prejudice, leaving open the possibility that, upon filing of an actual case pursuing his rights, plaintiff might be able to allege and show actual injury. As the court views that possibility as wholly unrealistic, the court concludes any "access to the courts" claim based on access to the particular appellate opinion must be dismissed, that any amendment to set up an "individual capacity" claim on this issue would be futile, and that the dismissal should therefore be with prejudice to its refiling.

Having reviewed de novo the question of the sufficiency of the complaint, the court concurs with the magistrate judge that plaintiff has failed to state a claim under § 1983 against defendant. Accordingly, the court adopts the Report and Recommendation and

---

[1] Plaintiff's objections [Doc. #11] at 3: "[The case] says 'to satisfy Due Process a guilty plea must be knowing, intelligent and voluntary.' This is the simple fact why I want this case."

[2] See Boykin v. Alabama, 395 U.S. 238, 242 (1969) (to satisfy due process, a guilty plea must be knowing, intelligent and voluntary).

[3] Plaintiff's request is for a copy of Hoffman v. Young, 23 Fed. App'x 885 (10th Cir. 2001).

**DISMISSES** with prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B), plaintiff's claims for damages against defendant in her official capacity and his claims against defendant for violations of state law and Department of Corrections policies. Further, the court **DISMISSES** plaintiff's claims against defendant for denial of access to courts but concludes, contrary to the Report and Recommendation, that the dismissal should be with prejudice. In the event of an appeal of this order and its affirmance by the appellate courts, or if defendant does not pursue an appeal, this dismissal will count as a strike pursuant to 28 U.S.C. § 1915(g).

    **IT IS SO ORDERED**.

    Dated this 25th day of September, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE